UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ ALSHARA,

     Plaintiff,

                                  Case No. 26-cv-11620

v.                                Hon. Matthew F. Leitman

CELLCO PARTNERSHIP, *et al.*,

     Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR RECUSAL AND REASSIGNMENT (ECF No. 43)

In this civil action, Plaintiff Mutaz Alshara, proceeding *pro se*, brings claims against Defendants Cellco Partnership, doing business as Verizon Wireless, and Verizon North LLC, for alleged breach of contract, intentional infliction of emotional distress, negligence, First Amendment retaliation, and violations of the Michigan Consumer Protection Act, Michigan eavesdropping statute, Elliott Larsen Civil Rights Act, and Michigan Telecommunications Act. (*See* Notice of Removal, ECF No. 1.)  Now before the Court is Alshara's Motion for Recusal and Reassignment Pursuant to 28 United States Code Section 455. (*See* Mot., ECF No. 43.)  Alshara also filed a brief in support of his Motion. (*See* Br., ECF No. 44.)  For the reasons explained below, the motion is **DENIED**.

1

## I

Alshara brings his motion for recusal under 28 U.S.C. §§ 455(a), (b)(1). Those statutes provide that a district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § §§ 455(a), (b)(1). The test for recusal under these statutes is an objective one: "a judge must disqualify himself 'where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013)). Because the standard is objective, a judge need not recuse him or herself based on the subjective view of a party. *See United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).

The analysis of a recusal motion starts from the premise that a federal district judge "is presumed to be impartial." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (citing *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). Thus, "[t]he burden is on the moving party to justify disqualification." *Burley*, 834 F.3d at 616 (citing *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999)). And the burden is "substantial." *Denton*, 434 F.3d at 1111 (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)). Moreover, a

party seeking disqualification faces an "uphill battle" where, as here, the party claims that the bias "ar[o]se during the course of current or prior proceedings." *Burley*, 834 F.3d at 616 (citing *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)). Indeed, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Further, "the Supreme Court held that 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Wilson v. Parker*, 515 F.3d 682, 701 (6th Cir. 2008) (citing *Liteky*, 510 U.S. at 555).

Insofar as Alshara suggests that recusal is required under the Constitution, "[t]he Due Process Clause demarks only the outer boundaries of judicial disqualifications." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 889 (2009). Under the Due Process Clause, "[r]ecusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge or decisionmakers is too high to be constitutionally tolerable.'" *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (per curiam) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (2016)). "Recusal 'questions are, in most cases, answered by common law, statute, or the professional standards of the bench and bar.'" *United States v. Liggins*, 76 F.4th 500, 506 (6th Cir. 2023) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)).

## II

Alshara argues that recusal is required because in a different, unrelated case, the Court entered an order requiring Alshara to show cause as to why he should not be enjoined as a vexatious litigant (the "Show Cause Order"). (*See* Show Cause Order, *Alshara v. All Pro Logistics, LLC*, No. 26-11929, ECF No. 5.)  Alshara says that in the Show Cause Order, the Court "publicly characterized [his] litigation portfolio – which includes [the present] case – as 'baseless,' 'abusive,' and repetitive.'" (Mot., ECF No. 43, PageID.620.)  Alshara argues that the Court's "prior characterization of [his] litigation portfolio as baseless and abusive – before ruling on any motion in this $1,475,000,000 case – creates [an] unconstitutional potential for bias." (*Id.*, PageID.623.)  Simply put, Alshara says that the Court must recuse in this case because it expressed negative views about his claims here in the Show Cause Order.  The Court disagrees.

Alshara reads too much into the Show Cause Order.  A careful reading of that order shows that the Court did not express *any* opinion on the merits of his unrelated case here.  Rather, the Show Cause Order:

- noted that "[w]ithin the past five months, Plaintiff Mutaz Alshara, proceeding *pro se*, has filed at least 17 lawsuits against over 50 Defendants in the United States District Court for the Eastern District of Michigan" (Show Cause Order, ECF No. 5, PageID.21);

4

- explained that "[s]o far, nine of Alshara's complaints have been summarily dismissed for failure to state a claim," and then listed the complaints that had been dismissed (*id.*, PageID.22);

- said that "[s]everal District Judges have pointed out repetition in Alshara's lawsuits," citing to those Judges' summary dismissal orders (*id.*);

- said that "[t]he civil action now before the Court is yet another baseless federal court filing by Alshara" (*id.*);

- voiced its "concern[] about the fact that the public is assuming the costs associated with Alshara's abusive and repetitive lawsuits" (*id.*, PageID.25-26); and

- ordered Alshara to show cause as to why he should not be prohibited from filing further actions in the Eastern District of Michigan without first obtaining leave of court (*Id.*, PageID.26.).

Alshara's assertion that the Show Cause Order characterizes his entire litigation portfolio as "baseless," "abusive," and "repetitive," is inaccurate. The Court's observation that Alshara had filed a pattern of "baseless" lawsuits was a reference to his many lawsuits *that had already been dismissed for failure to state a claim – the cases that the Court specifically identified in the order.* While the Court did reference the overall number of cases that Alshara had filed – including this action – the Court did not say that the claims here are baseless or abusive. Moreover,

the Court's view that Alshara had apparently engaged in a pattern of vexatious litigation based upon his filing of so many cases that had been summarily dismissed was a fair and reasonable observation that (1) was based upon the Court's review of the dockets and filings in the other actions and (2) does not reflect any unfair or unreasonable bias against Alshara.

Placed in their proper context, the quotes that Alshara pulls from the Show Cause Order do not reasonably call into question the Court's impartiality toward his pending or future litigation.  Most importantly, they do not indicate that the Court has pre-judged this case.  Thus, there is no basis for recusal.

For these reasons, recusal of the Court is neither required nor appropriate in this action.  Alshara's Motion for Recusal or Reassignment (ECF No. 43) is therefore **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 20, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 20, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

6